UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeremiah Briesath, | ) |
| Plaintiff, | ) |
| | ) No. 24-cv-13343 |
| v. | ) |
| | ) Judge April M. Perry |
| Stephen Toppel, Hercules Forwarding, LLC, and Hercules Forwarding, ULC, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

According to the amended complaint, on July 4, 2023, Jeremiah Briesath ("Plaintiff") was driving eastbound in Indiana behind Stephen Toppel ("Toppel"), who was operating a tractor-trailer. Doc. 13 ¶ 12. Toppel made a sudden u-turn and, failing to slow or stop, collided with Plaintiff's vehicle. *Id*. At the time, Toppel allegedly was operating the tractor-trailer in the course and scope of his employment with Hercules Forwarding, LLC ("Hercules Forwarding"). *Id*. Toppel and Hercules Forwarding (collectively, "Defendants") [1] now move to dismiss for lack of personal jurisdiction and improper venue, or in the alternative for a change of venue. For the following reasons, Defendants' motion is denied.

The Court begins with personal jurisdiction. At the motion to dismiss stage of proceedings, the plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.

---

[1] According to the amended complaint, Defendant Hercules Forwarding, ULC is the sole member of Defendant Hercules Forwarding, LLC. Doc. 13 ¶ 5. The amended complaint also references, but does not name as a defendant, Hercules Forwarding, Inc., which the complaint uses interchangeably with the other corporate entities.

2003). The Court accepts as true all well-pleaded facts alleged in the complaint, and any factual disputes in supporting affidavits are resolved in the plaintiff's favor. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

A federal court sitting in diversity applies the "personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 697 (7th Cir. 2015). The Illinois long-arm statute permits personal jurisdiction consistent with the Illinois Constitution and U.S. Constitution, which the Seventh Circuit has concluded have virtually the same requirements. *See* 735 ILCS 5/2-209(c); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757 (7th Cir. 2010). There are two types of personal jurisdiction: general and specific. *Kipp* 783 F.3d at 697-698. General jurisdiction is "all-purpose" while specific jurisdiction is case-specific. *Id.* For corporations, general jurisdiction exists when the corporation is "essentially at home in the forum state," which includes the state of incorporation and the state of the corporation's principal place of business. *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). Specific jurisdiction exists over an out-of-state defendant if the defendant "purposefully directed" its activities to the forum state and the litigation arises out of or relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Moreover, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff alleges that Hercules Forwarding is a California-registered limited liability company with its principal place of business in California whose sole member is Hercules Forwarding, ULC, a Canadian corporation. Doc. 13 ¶¶ 3–5. Accepting these facts as true, this Court lacks general personal jurisdiction over Hercules Forwarding.

Lacking general jurisdiction, the Court moves on to consider whether specific jurisdiction exists. According to the complaint, Hercules Forwarding does continuous, systematic, and substantial business in Illinois by owning and operating a large trucking transportation terminal in Hickory Hills, Illinois. Doc. 13 ¶¶ 8–9. From that trucking terminal, Hercules Forwarding gives work assignments to employees who are Illinois residents and deploys trucks that are registered in Illinois. *Id*. ¶¶ 6, 15; Doc. 18-1 at 12. Plaintiff has submitted evidence that Hercules Forwarding has been doing business in Illinois since at least 2001, when it purchased the land upon which the trucking terminal sits. Doc. 18-1 at 1. From these facts, the Court concludes that Hercules Forwarding has purposefully directed its activities at Illinois and could have foreseen being subject to the Court's jurisdiction, thus meeting the *International Shoe* standard for minimum contacts. *See* 326 U.S. at 316; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he defendant's conduct and connection with the forum State [should be] such that he should reasonably anticipate being haled into court there.").

The Court further concludes that this litigation arises from or relates to Hercules Forwarding's activities in Illinois. According to the complaint, Toppel operates tractor-trailers out of the Illinois trucking terminal, was on his way to or from the terminal at the time of the accident, and received his work order that day from the terminal. Doc. 13 ¶¶ 13–15. Plaintiff has also submitted evidence showing that the truck Toppel was driving at the time of the accident was registered in Illinois and Toppel's commercial driver's license was issued by Illinois. Doc. 18-1 at 20. By these allegations, Plaintiff sufficiently pleads that the accident at issue arose from (or was at least related to) Hercules Forwarding's operation of the trucking terminal in Illinois. As such, Plaintiff has met his burden to establish this Court's personal jurisdiction over Hercules Forwarding.

3

The Court next considers Defendants' arguments as to venue. "While personal jurisdiction governs a court's power over a defendant, federal venue rules determine in which judicial district (among those that have the power to hear a given suit) a suit should be heard." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 723–24 (7th Cir. 2013). 28 U.S.C. § 1391(b)(1) states that "a civil action may be brought in [] a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Section 1391(c)(2) goes on to state that an entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction." As the Court has already determined that the Northern District of Illinois has personal jurisdiction over Hercules Forwarding for this action, Hercules Forwarding is considered a resident of the Northern District of Illinois for the purposes of the venue analysis. Toppel is also a resident of the Northern District of Illinois. Doc. 13 ¶ 2. Given that all defendants reside here, venue is proper under Section 1391(b)(1) and Defendants' motion to dismiss for improper venue is denied.[2]

Even though venue is proper in the Northern District of Illinois, the Court still has the discretion to transfer venue in certain circumstances. *See In re LimitNone, LLC*, 551 F.3d 572, 575–76 (7th Cir. 2008). 28 U.S.C. § 1404(a) states that a district court may transfer civil actions to another district "for the convenience of parties and witnesses, [and] in the interest of justice." When considering the convenience of parties and witnesses, courts consider things like the plaintiff's choice of forum, the situs of material events, and the relative ease of access to sources of proof. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.,* 626 F.3d 973, 977–78

---

[2] Defendant Hercules Forwarding ULC's foreign residence does not affect the venue analysis. *See* 28 U.S.C. § 1391(c)(3) (specifying that foreign corporations may be sued in any district and their joinder is disregarded in determining whether venue is proper as to other defendants).


(7th Cir. 2010). When considering the interest of justice, courts consider the relationship of the community to the litigation and the desirability of resolving controversies in their locale, the court's familiarity with applicable law, and the congestion of the respective court dockets. *Id*. In weighing these factors district courts have broad discretion, and the defendant "has the burden of showing that the transferee forum is clearly more convenient." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (internal citation omitted).

      The Court does not believe that transfer would be appropriate in this case. To start, Defendants have not demonstrated that the Northern District of Indiana is clearly more convenient to the parties and witnesses. Although the traffic accident happened in Indiana, the complaint also alleges Hercules Forwarding was negligent in hiring and training Toppel, which would have occurred in Illinois. Therefore, witnesses will be present in both venues. Moreover, Defendant Toppel resides in Illinois, Defendant Hercules Forwarding is an out-of-state corporation doing business in Illinois, and the only party who resides in Indiana, Plaintiff, chose to bring this action in the Northern District of Illinois.

      Similarly, Defendants have not demonstrated that transfer is clearly in the interest of justice. Considering the relation of the community to the issue of the litigation, the Court does not believe that the people of Indiana have more of an interest in an in-state car crash than the people of Illinois have in in-state corporate negligence that allegedly led to the crash or an Illinois truckdriver who was allegedly untrained and driving recklessly. Moreover, both courts have equal familiarity with the applicable law. Finally, even if the Court accepted Defendants' argument that Northern District of Illinois dockets are more congested than Northern District of Indiana dockets, this factor is not enough to suggest that transfer is clearly in the interest of justice. The Court therefore concludes that transfer pursuant to § 1404(a) is inappropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, or in the alternative for a change of venue, is denied.

Dated: June 20, 2025

_____
APRIL M. PERRY
United States District Judge